KAHEA; FOOD & WATER WATCH,
INC., Plaintiffs–Appellants,

v.

NATIONAL MARINE FISHERIES
SERVICE; Michael D. Tosatto, Re-
gional Administrator of the National
Marine Fisheries Service, Pacific Is-
lands Regional Office; Samuel D.
Rauch III, Assistant Administrator of
the National Marine Fisheries Ser-
vice; Penny Pritzker, Secretary of
Commerce, Defendants–Appellees.

No. 12–16445.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2013.

Filed Oct. 29, 2013.

David Harrison Lawton, Gallagher &
Gallagher PC, Los Angeles, CA, Plaintiffs–
Appellants.

Ellen J. Durkee, DOJ–U.S. Department
of Justice, Washington, DC, Bridget
McNeil, Rickey Doyle Turner, Jr., United
States Department of Justice, Denver, CO,
for Defendants–Appellees.

Before: KOZINSKI, Chief Judge,
FISHER and WATFORD, Circuit Judges.

## MEMORANDUM *

1. Food & Water Watch, Inc. (FWW)
sufficiently alleged causation and redressa-
bility to demonstrate standing. FWW's

members' concerns are causally connected
to the special permit issued by National
Marine Fisheries Service (NMFS), and
would have been redressed if the permit
had been denied. *See San Luis & Delta–
Mendota Water Auth. v. United States,*
672 F.3d 676, 700 (9th Cir.2012); *Renee v.
Duncan,* 623 F.3d 787, 797–98 (9th Cir.
2010).

2. The special permit issued to Kona
Blue wasn't *de facto* rule making. The
special permit was expressly limited in
scope, use and duration, and wasn't trans-
ferrable. The permit has now expired and
wasn't "an agency statement of general or
particular applicability" with "future effect
designed to implement, interpret, or pre-
scribe law or policy." 5 U.S.C. § 551(4).

3. Even if deference under the stan-
dard in *Chevron* isn't appropriate, NMFS's
actions were lawful when reviewed using
*Skidmore* deference. *United States v.
Mead Corp.,* 533 U.S. 218, 228, 121 S.Ct.
2164, 150 L.Ed.2d 292 (2001). NMFS has
the authority under the Magnuson–Ste-
vens Fishery Conservation and Manage-
ment Act to issue the fishing permit to
Kona Blue. 16 U.S.C. §§ 1801(a)(6), (b)(1);
1853(b)(1). NMFS may review and issue
special permits for proposals to fish "with
any gear not normally permitted," and un-
der NMFS's "generally conferred authori-
ty," "Congress would expect [NMFS] to be
able to speak" to whether Kona Blue's
requested activity was permitted. *Mead,*
533 U.S. at 229, 121 S.Ct. 2164.

4. A claim is moot where there is no
longer a "live" controversy such that there
can't be any effective relief. *Cantrell v.
Long Beach,* 241 F.3d 674, 678 (9th Cir.
2001). Although the National Environ-
mental Policy Act claim is no longer a live

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

by 9th Cir. R. 36–3.

controversy, the "capable of repetition yet evading review" exception to the mootness doctrine applies. *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 965 (9th Cir.2007). The claim fits both criteria necessary to meet the exception: (1) A "reasonable expectation" exists that FWW will be subject to the same alleged injury due to Kona Blue's intended second permit application, and (2) the alleged injury is "inherently limited in duration" such that it will likely become moot before any subsequent federal litigation is completed. *Id.* (internal quotations omitted). This claim is remanded to the district court.

**AFFIRMED IN PART, REVERSED & REMANDED IN PART.**

**NO COSTS.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.